WINN *vs.* TWOGOOD.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

In a redhibitory action by the buyer against the seller of a slave, to rescind the sale and restore the price: *Held*, that when the act of sale imports a warranty against redhibitory vices, although it further appears, the seller purchased the slave as a notorious runaway, the reference in the act of conveyance to the plaintiff, without a full disclosure of this defect, does not modify the warranty of the last seller.

Objections to interrogatories that they contain leading questions, when the depositions or answers of the witnesses are to be taken on commission, must be made before the commission is forwarded to be executed.

Where the certificate or caption of the magistrate to depositions is brief, and not full and explicit, yet if it appear in substance that the witnesses appeared before him, swore to and subscribed their answers, &c., it will suffice.

This is a redhibitory action to annul the sale of a slave, and recover back the price. The plaintiff alleges he purchased a slave from the defendant for the sum of seven hundred dollars, with a general warranty against all diseases, vices and redhibitory defects of every kind. He further alleges that the said slave was a notorious runaway at the time of the sale which was carefully concealed from him by the seller; and that he has since absconded, and has not been found, although diligent search has been made. He prays that the sale be cancelled and annulled, and that he recover back the price which he gave at the sale. The defendant pleaded a general denial.

The plaintiff read the act of sale from his vendor, the defendant, in evidence, which recites the sale of "a certain slave named Harry, aged about twenty-seven years, acquired by purchase from R. F. M'Guire, per act passed, &c., and dated the 31st of December, 1832, *and warranted free from the vices and maladies prescribed by law.*"

EASTERN DIST.
May, 1836.

WINN
vs.
TWOGOOD.

The act of sale from M'Guire to the defendant was also read by the same party, which recites the previous sale to the defendant's vendor, and stipulates that the slave "is hereby warranted free from the vices and maladies prescribed by law, *save and except that of running away, to which he is subject*, and the purchaser having been duly notified thereof by the said seller, takes said slave subject to said vice, hereby renouncing all recourse against said seller."

The judge charged the jury "that the fact of the defendant in his bill of sale, referring to his title, did not bring home the knowledge of the contents of said act of sale to the purchaser." This part of the charge was excepted to by the defendant's counsel.

The defendant's counsel excepted to the reading of the depositions of several of plaintiff's witnesses, on the ground that the interrogatories put by the plaintiff were leading questions. The court admitted them and remarked "that had the objection been made at the time they were served, the counsel on the other side might have changed them."

The reading of another of the plaintiff's depositions was objected to, on the ground that the formalities required by law in executing the commission, had not been complied with; "no *procès verbal* having been made, nor is there any seal of the judge to the declarations of the witnesses, nor in closing the proceedings." The defendant's counsel took his bill of exceptions.

Upon the evidence produced in the case, the district judge gave judgment annulling the sale, and for the return of the price, with costs of suit. The defendant appealed.

*M'Henry*, for the plaintiff.

1. The verdict of the jury was correct, and the judgment of the court below cannot be disturbed; the proof is by an authentic notarial act, which establishes the vice of character, which gives rise to redhibition of slaves. *Civil Code, article* 2505.

2. The evidence taken altogether, shows that artifice was practised by the appellant on the appellee; for said appel-

lant purchased the slave as a runaway, and sold him to the appellee under full guarantee. *Civil Code, article* 1841, *and 5th, 6th and 7th rules of said article.*

3. The slave was diseased when sold by appellant, so as to render him unfit for the object for which he was purchased, and the judgment for the nullity of sale, and the price of the slave for appellee, must stand.

*Sterrett*, contra.

*Bullard, J.,* delivered the opinion of the court.

The plaintiff sues his vendor to cancel the sale, and recover back the price of a slave, on the ground that said slave was an habitual runaway and thief. The case was tried by jury, on the plea of the general issue, and there being a verdict and judgment against the defendant, he appealed.

The act of sale, by which the plaintiff acquired the slave in question, imports a warranty against redhibitory vices and defects, and the habit of running away is established by the evidence. It further appears, that the defendant himself had purchased the same slave as a notorious runaway. In the conveyance to the plaintiff, the act of sale by which the defendant had acquired him, is referred to; but, in our opinion, such general reference without a full disclosure of the defect, does not modify the warranty of the seller. The charge of the court on this point, was in our opinion correct, and the bill of exceptions taken to it, cannot avail the appellant.

There is another bill of exceptions in the record, relative to the admissibility of certain depositions taken on commission, which were objected to on the ground that the questions put to the witnesses were leading questions. We agree with the judge, that the objection to the form of the interrogatories ought to have been made before the commission was forwarded to be executed.

A further objection was made to the introduction of the same depositions, on the ground that no *procès verbal* was made; nor any seal of the judge to the declarations of the

In a redhibitory action by the buyer against the seller of a slave, to rescind the sale and restore the price: *Held,* that when the act of sale imports a warranty against redhibitory vices, although it further appears the seller purchased the slave as a notorious runaway, the reference in the act of conveyance to the plaintiff, without a full disclosure of this defect, does not modify the warranty of the last seller.

Objections to interrogatories, that they contain leading questions, when the depositions or answers of the witnesses are to be taken on commission, must be made before the commission is forwarded to be executed.

Where the certificate or caption of the magistrate to depositions is brief, and not full and

witnesses, nor in closing the proceedings.    The certificate of the justice of the peace is very short; but it appears in substance, that the witnesses appeared before him, and swore to and subscribed their answers to the interrogatories and cross-interrogatories annexed to the commission.    The copy before us has an L. S. after the name of the justice of the peace; but whether there was a seal we cannot decide, because the fact does not appear by the bill of exceptions.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.

EASTERN DIST.
*May*, 1836.

